## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

ARIANE BRYAN,

      Plaintiffs,

v.                                 Case No. 8:19-cv-1197-T-02AEP

FLORENCIA PARK LLC,
a Florida Limited Liability Company
and Unknown Defendant #1; and Unknown
Defendant #2

      Defendants.

_____/

## ORDER GRANTING
## DEFENDANTS' MOTIONS TO DISMISS

      This matter comes to the Court on Defendant Florencia Park LLC's Motion to Dismiss, Dkt. 19, Plaintiff Ariane Bryan's Second Amended Complaint. Dkt. 17. Plaintiff filed a response. Dkt. 21. The Court heard extensive argument from counsel at a hearing on these matters on September 5, 2019.  With the benefit of full briefing and able argument by both sides at a hearing, the Court grants the Defendant's Motion to Dismiss without prejudice.

### Background

      For the purposes of this order, the Court accepts as true the facts alleged in the Second Amended Complaint. Dkt. 17. Plaintiff is a disabled Georgia resident who is

largely wheelchair bound and has low vision as a result of diabetic retinopathy. *Id.* ¶ 10. Defendant owns and operates the Hampton Inn & Suites St. Petersburg/Downtown, located in Pinellas County Florida. *Id.* ¶ 13.

Plaintiff alleges that she is a "frequent visitor to Pinellas County and the surrounding Florida counties" and that in August of this year she planned to visit the Pinellas County area to attend a meditation for another case she is plaintiff for, "visit friends," and "meet with her attorneys." *Id.* ¶ 35. In anticipation of this trip, Plaintiff visited Defendant's website[1] in March 2019 in order to learn about Defendant's hotel with the intention of selecting a hotel for her stay. *Id.* ¶ 17 & 35. However, she alleges that upon accessing the website she was unable to find information about accessible features of Defendant's hotel including things like bathroom fixtures and accessible seating in the hotel dining area. *Id.* ¶ 25; *see* Hampton Inn & Suites St. Petersburg/Downtown, Hampton by Hilton, https://hamptoninn3.hilton.com/en/hotels/florida/hampton-inn-and-suites-st-petersburg-downtown-PIEHSHX/index.html?SEO_id=GMB-HP-PIEHSHX (last visited Sept. 11, 2019). Further, she alleges that the website had "no option to reserve an accessible room in the same manner as one would reserve a king or queen bed, smoking or non-smoking, or room with a view." Dkt. 17 ¶ 25. She alleges that

---

[1] There is some dispute as to who actual owns and operates the website. Dkt. 19 at 3 n.6. However, for the purposes of this order the Court accepts Plaintiff's allegation that Defendant owns and operates the website.

these barriers prevented her from determining if Defendant's hotel was sufficiently accessible for her to book a stay when she came for her visit to Pinellas County. *Id.*

She also alleges that she saw several items on the website that were not in accordance with the Web Content Accessibility Guidelines ("WCAG"). *Id.* ¶ 24. She does not allege how these deficiencies were barriers to her use of the website. Plaintiff now brings this lawsuit asking for relief under Title III of the Americans with Disabilities Act ("ADA") and the Florida Declaratory Judgment Act, Fla. Stat. § 86.011.

## Legal Standard

To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead sufficient facts to state a claim that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). When considering a Rule 12(b)(6) motion, the court accepts all factual allegations of the complaint as true and construes them in the light most favorable to the plaintiff. *Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008) (citation omitted). Courts should limit their "consideration to the well-pleaded factual allegations, documents central to or referenced in the complaint, and matters judicially noticed." *La Grasta v. First Union Sec., Inc.*, 358 F.3d 840, 845 (11th Cir. 2004) (citations omitted).

To establish standing, Plaintiff must demonstrate: (1) they have suffered an "injury-in-fact"; (2) a causal connection between the asserted injury-in-fact and the challenged action of Defendant; and (3) "the injury will be redressed by a favorable decision." *Shotz v. Cates*, 256 F.3d 1077, 1081 (11th Cir. 2001) (citation omitted). "To establish injury in fact, [Plaintiff] must show that [she] suffered 'an invasion of a legally protected interest' that is 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical.'" *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1548 (2016) (citation omitted). Motions to dismiss based on lack of standing attack the court's subject matter jurisdiction and are therefore considered pursuant to Rule 12(b)(1). *Doe v. Pryor*, 344 F.3d 1282, 1284 (11th Cir. 2003).

## Discussion

### I.   Motion to Dismiss under F.R.C.P. 12(b)(1)

Defendant challenges Plaintiff's standing to bring this lawsuit. Dkt. 19 at 7–9. Specifically, Defendant argues that Plaintiff has failed to articulate an injury-in-fact. Defendant points to Plaintiff's distance from Defendant's hotel, lack of definitive plans to return to the hotel's website, and lack of past patronage to the hotel as proof that Plaintiff lacks any threat of future injury. *Id.* at 10–13. This Court disagrees.

Count I alleges that "Defendant'[s] Website lacked complete information about accessibility of the Property, which resulted in Plaintiff being unable to make a decision whether the accommodations were suitable for Plaintiff." Dkt. 17 ¶ 25. Further, she alleges that "Defendant's Website did not offer an adequate system to permit a disabled person such as Plaintiff with visual impairment to comprehend its website in an effective manner." *Id.* ¶ 24. These allegations are sufficient to establish an injury-in-fact for standing purposes. *See, e.g.*, *Kennedy v. Sai Ram Hotels LLC*, No. 8:19-CV-483-T-33JSS, 2019 WL 2085011, at *2 (M.D. Fla. May 13, 2019) (holding plaintiff's allegation that the hotel website "did not identify . . . accessible rooms in sufficient detail so that [plaintiff] could independently ascertain whether or not they are accessible to her" was sufficient to allege an injury-in-fact); *Honeywell v. Harihar Inc.*, No. 2:18-CV-618-FTM-29MRM, 2018 WL 6304839, at *3 (M.D. Fla. Dec. 3, 2018) (holding plaintiff's allegations that she visited defendant's website but was unable to ascertain the accessible features were sufficient to allege an injury-in-fact).

However, "[t]he 'injury-in-fact' demanded by Article III of the ADA also requires an additional showing when injunctive relief is sought." *Houston v. Marod Supermarkets, Inc.*, 733 F.3d 1323, 1328 (11th Cir. 2013). Specifically, since Plaintiff is seeking injunctive relief in the ADA context, she "must also plausibly show that she will suffer disability discrimination by the defendant in the future."

*Kennedy v. Solano*, 735 F. App'x 653, 655 (11th Cir. 2018). This threat of future injury must be "real and immediate" rather than "conjectural or hypothetical." *Houston*, 753 F.3d at 1329. "In the few cases that have addressed standing in Title III website cases, district courts have applied the *Houston* factors to determine whether a plaintiff pleaded a future injury." *Price v. Escalante - Black Diamond Golf Club*, No. 5:19-cv-22-Oc-30PRL, 2019 WL 1905865, at *5 (M.D. Fla. Apr. 29, 2019). These are: "(1) the proximity of the defendant's business to the plaintiff's residence; (2) the plaintiff's past patronage of the defendant's business; (3) the definiteness of the plaintiff's plan to return; and (4) the frequency of the plaintiff's travel near the defendant's business." *Houston*, 733 F.3d at 1337 n.6. These factors are not exclusive, nor is one factor dispositive. *Id.*

Defendant argues that "Plaintiff, a resident of Georgia resides 499 miles away from the [Defendant's hotel]" which "is too substantial as a matter of law to establish any injury." Dkt. 19 at 10. Defendant cites to numerous cases that hold that distances—some that are less than a quarter of the distance in this case—were too large to show threat of future injury. *Id.*; *see Kennedy v. Beachside Commercial Props., LLC*, No. 6:17-cv-1047-Orl-37GJK, 2017 WL 4243584, at *2 (M.D. Fla. Sept. 25, 2017) (holding 174 miles was insufficient), affd, No. 17-14356, 732 F. App'x 817 (11th Cir. 2018); *Lamb v. Charlotte Cty*, 429 F. Supp. 2d 1302, 1310 (M.D. Fla. 2006) (holding 75 miles was insufficient). Yet, none of

these cases involve hotels. As Plaintiff points out, the very purpose of a hotel is to use it when one is far from home. Dkt. 21 at 7, 14, 15. If fact, the distance between Plaintiff's home and Defendant's hotel bolsters, rather than weakens, Plaintiff's argument on this point.

As to the definiteness of her plan to return and the frequency of travel near the business, Plaintiff alleges she plans to patronize the Defendant's website within 90 days to avail herself of the hotel's services and ensure its compliance with the ADA. Dkt. 17 ¶ 35. See *Honeywell v. Harihar Inc.*, No. 2:18-cv-618-FtM-29MRM, 2018 WL 6304839, at *3 (holding a plaintiff pleaded a future injury related to a motel's website by alleging she intended to return to the property within six months and intended to visit its website to ensure ADA compliance).

Indeed, Plaintiff's allegations that she intends to return for mediation and to visit her attorneys are sufficient to show definiteness of Plaintiff's plan to return to the website to arrange accommodations. Dkt. 17 at 35. While discounted by the Defendant, the Court finds this fact alone to be indicative of a clear intent to travel to the area of Defendant's hotel, which might suggest her usage of the Defendant's website. Dkt. 19 at 2. If Plaintiff is a serial litigant as Defendant argues then it seems certain she will be returning frequently to visit her Pinellas County based attorneys, and attend to her many lawsuits in the area. *Id.* at 2 & 16.

7

Furthermore, one of the key allegations in the Complaint is that Defendant's website fails to identify the accessible rooms in sufficient detail to allow Plaintiff to determine whether she can patronize the hotel. Dkt. 17 ¶ 25. There is a close connection between the allegation of inaccessible information and Plaintiff's future harm because without sufficient detail about the accessible rooms available Plaintiff will be unable to determine if she can patronize the hotel in the future. *Black Diamond*, 2019 WL 1905865 at \*6–\*7. As such, the type of information that is alleged to be inaccessible weighs in favor of there being an immediate risk of future injury. *Id.* at \*6 (considering the type of information that is inaccessible).

In sum, Plaintiff has sufficiently pled an injury-in-fact. Further, she has sufficiently alleged—and Defendant has not contested—that there is a causal connection between the asserted injury-in-fact and the challenged action of the Defendant; and that the claimed injury could be redressed by a favorable decision. *Houston*, 733 F.3d at 1328. Accordingly, Plaintiff has standing to bring this lawsuit and Defendant's motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) must be denied.

2. Motion to Dismiss under F.R.C.P. 12(b)(6)

Plaintiff's Complaint has two Counts; one for a violation of Title III of the ADA and one for a declaratory judgment under the Florida Declaratory Act, Fla.

8

Stat. § 86.011. Defendant argues that Plaintiff has failed in either count to state a cause of action to which relief can be granted and therefore this Complaint must be dismissed.

   A. Count I

   Count I of Plaintiffs Complaint is based on two allegations: that "Defendant's Website did not offer an adequate system to permit a disabled person such as Plaintiff with visual impairment to comprehend its website in an effective manner" and "Defendant'[s] Website lacked complete information about accessibility of the Property, which resulted in Plaintiff being unable to make a decision whether the accommodations were suitable for Plaintiff." Dkt. 17 ¶ 24 & 25. This Court will address each in turn.

   Title III of the ADA prohibits the owner of a place of public accommodation from discriminating "on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation . . . ." 42 U.S.C. § 12182(a) (2018). As a preliminary matter, Defendants assert that the Title III of the ADA only applies to "architectural barriers contained on a physical property" meaning that any ADA claims related to a website fail as a matter of law. Dkt. 19 at 19. This is simply inaccurate. The plain and unambiguous language in Title III of the ADA provides that the statute covers both tangible and intangible barriers. *Rendon v. Valleycrest*

*Prods., Ltd.*, 294 F.3d 1279, 1283 (11th Cir. 2002). Title III of the ADA applies to websites if those websites have functions that are necessary to achieve "the full use and enjoyment of a physical space." *See Price v. Everglades Coll., Inc.*, No. 618CV492ORL31GJK, 2018 WL 3428156, at *2 (M.D. Fla. July 16, 2018); *see also Kennedy v. Sai Ram Hotels LLC*, No. 8:19-CV-483-T-33JSS, 2019 WL 2085011, at *3 (M.D. Fla. May 13, 2019); *Black Diamond*, 2019 WL 1905865, at *7. Here, Plaintiff's allegations are directly related to the ability to book a room at Defendant's hotel, something that "hinders the full use and enjoyment" of the hotel. *Price v. Everglades Coll., Inc.*, No. 618CV492ORL31GJK, 2018 WL 3428156, at *2 (M.D. Fla. July 16, 2018). So, Title III of the ADA applies here.

First, Plaintiff alleges that the Defendant's website fails to comply with several Web Content Accessibility Guidelines ("WCAG") which prevent her from being able to "comprehend the Defendant's website." Dkt. 17 at 24. Yet, WCAG does not create actionable standards to determine if a website complies the ADA. In fact, there are no legal standards available to determine if a website complies with the ADA. However, courts in this circuit have looked to see if the alleged barriers to accessibility on the website hinder an individual's "full use and enjoyment" of the physical facilities tied to the website. *See Black Diamond*, 2019 WL 1905865, at *7; *Gomez v. Bang & Olufsen Am., Inc.*, No. 1:16-cv-23801, 2017 WL 1957182, at *3 (S.D. Fla. Feb. 2, 2017).

10

Here, Plaintiff alleges that "Defendant's Website did not offer an adequate system to permit a disabled person such as Plaintiff with visual impairment to comprehend its website in an effective manner." Dkt. 17 ¶ 24. Beyond that conclusory allegation she points to several broad violations of WCAG such as "instances where color-contrast elements lack sufficient color contrast" and "failures where images do not have alternate text." *Id.* Conclusory allegations related to the accessibility of Defendant's website are not enough to state a claim. *Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1185 (11th Cir. 2003) ("[C]onclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts will not prevent dismissal."). Plaintiff must allege how Defendant's website is specifically inaccessible in a way that hinders her full use and enjoyment of Defendant's hotel. Plaintiff alludes to keeping her cards close to her chest for fear of Defendant "tampering with evidence." Dkt. 21 at 9–10. While effectively preventing Defendant from correcting the barriers at issue, it has also prevented this Court from determining whether this case presents claims where relief may be granted. Plaintiff would do well to tip her hand.

Second, Plaintiff alleges that "the Defendant'[s] Website lacked complete information about accessibility of the Property, which resulted in Plaintiff being unable to make a decision whether the accommodations were suitable for Plaintiff." Dkt. 17 ¶ 25. At the encouragement of both parties the Court accessed

Defendant's website and finds Plaintiffs allegations to be unsubstantiated. *See* Hampton Inn & Suites St. Petersburg/Downtown, Hampton by Hilton, https://hamptoninn3.hilton.com/en/hotels/florida/hampton-inn-and-suites-st-petersburg-downtown-PIEHSHX/index.html?SEO_id=GMB-HP-PIEHSHX (last visited Sept. 11, 2019).

Plaintiff alleges that the Defendant's website lacks depictions of: "handicapped parking;" "accessible rooms;" "accessible seating in dining area;" "accessible check in counter;" and "accessible entrance to property." Dkt. 17 ¶ 25. Further, Plaintiff alleges Defendant's website has "no option to reserve an accessible room in the same manner as one would reserve a king or queen bed, smoking or non-smoking, or room with a view." *Id.* However, even a cursory look at Defendant's website shows that these claims are unsubstantiated. Each of these accessible features are shown or described on Defendant's website. Also, there is an option to view "accessible rooms" in the "room filters" portion at the top of the webpage used to book hotel rooms at Defendant's property. Because each of the alleged barriers are not apparent, Plaintiff has not alleged a claim to which relief can be granted.

Count I of the Complaint fails to allege a claim to which relief can be granted. As such, it must be dismissed.

B. Count II

Plaintiff also seeks declaratory relief pursuant to Florida Statutes § 86.011. Dkt. 17 at 18–19. Defendant moves to dismiss this count because the statute only provides Florida state courts with the ability to enter declaratory judgment under this provision and because it would not serve a useful purpose in this case. Dkt. 19 at 19–21. This Court agrees.

First, since this Court has jurisdiction over this case pursuant to 28 U.S.C. § 1331 federal question jurisdiction, federal law applies. Therefore, § 86.011 is inapplicable in this case. *Cf. Formula LLC v. RSUI Indem. Co.*, No. 09-60592-CIV, 2009 WL 2342455, at *5 (S.D. Fla. July 28, 2009). In any event, the standards for the Florida Declaratory Judgment Act, § 86.011, and the federal declaratory judgment statute, 28 U.S.C. § 2201, are the same and either would be inappropriate in this case. *Id.*

"In evaluating the appropriateness of declaratory judgment, a court should consider whether 'declaratory relief would (1) serve a useful purpose in clarifying and settling the legal relations in issue, and (2) terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the proceeding.'" *Kurlander v. Kaplan*, No. 819CV00644T02CPT, 2019 WL 3944335, at *8 (M.D. Fla. Aug. 21, 2019) (citing to *Traturyk v. Western-Southern Life Assur. Co.*, 6:15-cv-1347-

13

Orl-40TBS, 2016 WL 727546, at *3 (M.D. Fla. Feb. 24, 2016)). Yet, when another claim in a case will more effectively resolve the issues at stake in the case a declaratory judgment is unnecessary and should be dismissed. *Goodbys Creek, LLC v. Arch Ins. Co.*, No. 3:07-CV-947-J-34HTS, 2009 WL 10671130, at *5 (M.D. Fla. Aug. 11, 2009). Here, an appropriately pled claim for violation of Title III of the ADA would be the most effective vehicle to solve the alleged issues in this case. So, Count II of the Complaint is unnecessary and must be dismissed.

## CONCLUSION

The Court grants Defendants' Motions to Dismiss, Dkt. 17, without prejudice. Plaintiffs shall have fifteen (15) days to file an amended complaint consistent with this Order.

**DONE AND ORDERED** at Tampa, Florida, on September 13, 2019.

/s/ William F. Jung
**WILLIAM F. JUNG**
**UNITED STATES DISTRICT JUDGE**

**COPIES FURNISHED TO:**
Counsel of Record